O’Neall, J.,
delivered the opinion of the Court.
I agree with my brother Evans, that after the death of D’Oyley, the reason and necessity of a trustee had ceased, and *46 that the trust might be considered as executed. Or as was ruled in Jones v. Cole, 2 Bail. 330, and Watson v. Pitts, 2 M’Mullin, 298, either the trustee or cestui que trust, might sue a stranger for the property; the former in respect of the strict legal estate, and the latter on the right of possession.
But I think there was no estate to be executed in the negro Will, in the cestui que trust, at the death of D’Oylcy. For unquestionably at law in his lifetime, the legal estate was in Mrs. Baker, the trustee. From the silence of the report, in reference to Taylor, I take it for granted that lie was dead, or had declined to act as trustee. Assuming that Mrs. Baker was the sole trustee, there can be no clearer proposition, at lav;, than that her sale, (the bill of sale executed by her, D’Oyley and Mrs. D’Oylcy,) would convey the legal estate. At law, the purchaser could not be affecled by an execution of the power to sell, in a case not provided tor by the deed, or by a misapplication of the proceeds of the sale. These are very subtle equities and of doubtful application, very often in the Court to which they belong. But at law they cannot be recognised. We simply inquire, who has the legal estate? And if that be in the person selling, it must as a matter of course be in her alienee, and hence there can be no recovery, in this case, unless there was some fraud in obtaining from Mrs. Baker the bill of sale. She said, upon her examination, that she did not know what it was when she executed it: that she then supposed it to be a mere contract of hire. Taking all this, still it could not affect the defendant’s title; for it was her folly to sign that which she did not understand. If, however, Loveland resorted to any means to throw her off her guard, and to induce her to sign an absolute bill of sale instead of a contract for hire, then it may be, that that would render the bill of sale fraudulent and void.
The motion for a new trial is granted.
Richardson, J., Wardlaw, J., and Frost, J., concurred.